UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DENIS GEOVANNY ESPINAL ROBLES,

Petitioner,

v. Action No. 2:26cv410

JEFFREY CRAWFORD,
ICA-Farmville Detention Center, et al.,

Respondents.

**FINAL ORDER**

Petitioner Denis Geovanny Espinal Robles ("Mr. Robles"), a detainee of United States Immigration and Customs Enforcement, submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241 on April 27, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. ECF No. 1. Mr. Robles asserts he has been unlawfully detained without a bond hearing and seeks release or a fair bond hearing. *Id.* at 6, 8.

Respondents argue that because Mr. Robles received a bond hearing in February 2026 and his order of removal became final in June 2026 when the Board of Immigration Appeals dismissed the appeal of his removal order, his petition is moot. ECF No. 9, at 3–4; ECF No. 12, at 2–4. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Civil Rules. ECF No. 5.

The Magistrate Judge's Report and Recommendation filed July 17, 2026, recommends that the petition be denied and dismissed without prejudice for lack of jurisdiction due to Robles' order of removal becoming final. ECF No. 14. The parties

were advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge, *id.* at 4–5, and no objections have been filed.

Mr. Robles' order of removal became final on June 22, 2026, when the BIA dismissed his appeal of the removal order. ECF No. 12-1, at 3–4. Accordingly, Mr. Robles is now detained pursuant to 8 U.S.C. § 1231(a) of the Immigration and Nationality Act providing that an individual shall be removed "within a period of 90 days" of the removal order becoming final, the "removal period," and will be detained during the removal period. 8 U.S.C. § 1231(a)(1)(A)–(B), (a)(2)(A). Detention after the removal period is governed by 8 U.S.C. § 1231(a)(6), which permits individuals who are inadmissible under section 1182 to "be detained beyond the removal period and, if released, . . . be subject to . . . supervision." *Id.* § 1231(a)(6). Section 1231 authorizes detention beyond the removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court has held that a "reasonably necessary" period is presumptively six months. *Id.* at 701.

The report and recommendation's finding that the final order of removal renders the petition moot is not correct. A petition becomes moot when "events subsequent to the commencement of the action resolve the dispute," such that no further relief is required. *Genesis Healthcare, Inc. v. Becerra*, 39 F.4th 253, 259 (4th Cir. 2022); *see DeFunis v. Odegaard*, 416 U.S. 312 (1974). Mr. Robles remains in custody, although the statute governing his custody changed when the BIA decision

was entered and his removal order became final. Mr. Robles is not entitled to relief on his petition because he is detained pursuant to 8 U.S.C. §1231(a) that requires detention during the removal period. As a result, the petition is not moot but fails on the merits.

The Court, having reviewed the record, does hereby accept the findings and recommendations set forth in the Report and Recommendation with the modification addressed above. It is therefore **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE**.

Mr. Robles has failed to demonstrate "a substantial showing of the denial of a constitutional right," and, therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 335–36 (2003).

Mr. Robles is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). **If Mr. Robles intends to seek a certificate of appealability from the Fourth Circuit, he must do so within thirty (30) days from the date of this Final Order. Mr. Robles may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.**

The Clerk shall forward a copy of this Final Order to Mr. Robles and to counsel for respondent.

**IT IS SO ORDERED.**

/s/

Arenda L. Wright Allen
Senior United States District Judge

September 2, 2026
Norfolk, Virginia